FILED

**NOT FOR PUBLICATION**

OCT 20 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CARLOS ARNOLDO CONDE QUEVEDO; AMALIA CONDE TURCIOS, | No. 12-72467 |
| Petitioners, | Agency Nos.　A089-853-122<br>A089-853-120 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014[**]

Before:　LEAVY, GOULD, and BERZON, Circuit Judges.

Carlos Arnoldo Conde Quevedo and Amalia Conde Turcios, natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

Petitioners do not challenge the agency's finding that their asylum applications were untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to their asylum claims.

In analyzing petitioners' claims, the BIA assumed Conde Quevedo was a credible witness. We reject petitioners' contentions that the BIA erred by not analyzing the IJ's credibility finding further.

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they would be tortured at the instigation of or with the acquiescence of the government if returned to Guatemala. *See Silaya*, 524 F.3d at 1073. Thus, we deny the petition as to their CAT claims.

In denying petitioners' withholding of removal claims, the agency found petitioners failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this

case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).  Thus, we remand petitioners' withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).  In light of this remand, we do not reach petitioners' remaining challenges to the agency's denial of their withholding of removal claims at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**